IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT BUENTELLO | § | |
|     TDCJ-CID #1161835 | § | |
| V. | § | C.A. NO. C-06-010 |
| | § | |
| STATE OF TEXAS | § | |

## **MEMORANDUM AND RECOMMENDATION TO DISMISS**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, it is respectfully recommended that plaintiff's claims be dismissed.

### **I. JURISDICTION**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. **FACTUAL ALLEGATIONS**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently incarcerated at the Darrington Unit in Brazoria County, Texas. He is suing the State of Texas alleging that there is a conspiracy between the Texas state courts and the TDCJ to deny him access to the courts.

On August 28, 2004, plaintiff's state court conviction was affirmed by the Thirteenth Court of Appeals. Plaintiff claims that he then had one year to file timely his art. 11.07 state application for habeas corpus relief.[1] On August 26, 2005, he delivered to an unidentified mail room attendant his state habeas corpus application. Plaintiff claims that an issue arose concerning the timeliness of his state petition, and so he "requested the exact date from the mail room." Plaintiff did not receive a response from the mail room personnel. Plaintiff claims that the Darrington Unit mail room personnel are trying to prevent him from establishing that his state application was filed timely.

He claims that he sent his state habeas application to the court manager of the 94th district court, who then sent it to the district clerk, Patsy Perez, for filing. He claims that, due to this transfer between the 94th court and the clerk's office, his petition was file-stamped September 19, 2005. which he believes is untimely.[2] He suggests that there is a conspiracy between the TDCJ and the

---

[1] Although discussing his state habeas application, plaintiff references AEDPA and the one-year statute of limitations for filing **federal** petitions mandated by 28 U.S.C. § 2241(d). Texas law does not impose a deadline for filing state habeas corpus applications pursuant to art. 11.07. See Ex parte Carrio, 992 S.W.2d 486, 487 (Tex. Crim. App. 1999) (petitioner could raise habeas claim 14 years after conviction because there is no requirement that postconviction claims be asserted within a specified time period).

[2] According to the records of the Thirteenth Court of Appeals, on April 25, 2003, plaintiff filed a direct appeal of a 40-year sentence entered by the 94th District Court, Hon. Jack E. Hunter presiding. His conviction was affirmed by the Texas Court of Criminal Appeals on August 27, 2004. In September,

courts because many of his allegations in his habeas corpus petition are against Jack Hunter, the judge who presided over his criminal case.

On September 27, 2005, plaintiff wrote to the Nueces County District Clerk asking for a copy of a memorandum of law and exhibits that he had filed in support of his state habeas application, but she did not send him copies. He believes that mail room personnel deliberately failed to send the memorandum of law and exhibits to be filed.

Plaintiff also alleges that on August 16, September 1, and September 16, 2005, he requested that monies be withdrawn from his inmate trust fund account, but his requests were denied because he did not provide a stamped envelope. He claims he could not purchase stamps due to a Unit lockdown. Plaintiff also complains that law library personnel failed to provide him with requested legal citations.

Plaintiff states that he filed this complaint so that defendants will not usurp his relief efforts. He claims that the State employed gang members to prosecute him and that he is now in danger in prison. He wants access to the law library, assistance with his legal matters, and a transfer off the Unit.

### III.  DISCUSSION

**A.     Legal Standard**

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed as frivolous or for failure to state a claim upon which relief may be granted. 42 U.S.C. § 1997e(c)(2). A complaint may be dismissed as frivolous if it lacks an arguable basis

---

2004, he filed numerous motions which appear to have been ruled on. Plaintiff's last filing in that action was dated December 5, 2005. See www.13thcoa.courts.state.tx.us/opinions/case.asp?FilingID=13709.

in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  Siglar, 112 F.3d at 193.  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002).

**B.   Claims against the State of Texas.**

Plaintiff has named as defendant only the State of Texas.

The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983.  Aguilar v. Texas Dep't of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998); Farias v. Bexar County Bd. of Trustees for MHMR Servs., 925 F.2d 866, 875 n.9 (5th Cir. 1991).   Section 1983 does not waive the state's sovereign immunity, see Quern v. Jordan, 440 U.S. 332, 338 n. 7 (1979), and Texas has not consented to this suit.  See Emory v. Texas State Bd. of Med. Exam'rs, 748 F.2d 1023, 1025 (5th Cir. 1984).  The Eleventh Amendment also bars a suit against a state official when "the state is a real, substantial party in interest."  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 80, 101-02 (1084) (citations omitted).

In this case, plaintiff has named the State of Texas as a defendant, but complains also that the TDCJ is conspiring with the state district courts to deny him his right of access to the courts.  The TDCJ is an agent of the State of Texas.  Aguilar, 160 F.3d 1054.  Thus, plaintiff's claims against the State of Texas and the TDCJ as an agent of the state are barred by the Eleventh Amendment.  Therefore, it is respectfully recommended that plaintiff's claims against the State of Texas be dismissed with prejudice as barred by the Eleventh Amendment.

To the extent plaintiff is complaining about certain unidentified Darrington Unit employees and /or employees of the Nueces County District Clerk's office, it is recommended that those claims be dismissed without prejudice to plaintiff raising those claims in the appropriate district court.[3]

## IV. **RECOMMENDATION**

For the foregoing reasons, it is respectfully recommended that plaintiff's claims against the State of Texas be dismissed as barred by the Eleventh Amendment. It is further recommended that, to the extent plaintiff is attempting to bring § 1983 claims against certain individuals, those claims be dismissed without prejudice.

Respectfully submitted this 10th day of March, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[3] Both plaintiff and the Darrington Unit employees reside in Brazoria County. As such, venue would be proper in the United States District Court for the Southern District of Texas, Galveston Division. 28 U.S.C. §124(b)(1).

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).